IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GLORIA QUINNONES-PRAT o/b/o "JSQ" | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| KILOLO KIJAKAZI, Commissioner of Social Security | : | NO.  20-3825 |

## MEMORANDUM AND ORDER

ELIZABETH T. HEY, U.S.M.J.                                      April 8, 2022

In this appeal of the denial of supplemental security income benefits, the Court has been waiting nearly a year for Plaintiff to file her Brief and Statement of Issues.  In light of Plaintiff's counsel's repeated failures to file her brief or contact the Court, I issued a Rule to Show Cause Order directing counsel to deliver a copy of the order to her client and to appear to show cause why counsel should not be subject to monetary sanctions for her noncompliance with this Court's orders.  Doc. 18.  On April 6, 2022, counsel appeared for the show cause hearing without the required brief.  For the reasons that follow, rather than dismissing this action and in an effort to obtain compliance with Court orders and deter future noncompliance, I will monetarily sanction Plaintiff's counsel.

## I.    PROCEDURAL HISTORY

Plaintiff, through counsel, initiated this action on July 20, 2020, by filing a Complaint and a motion for leave to proceed in forma pauperis ("IFP motion").  Docs. 1 & 2.  The same day, the Clerk's Office sent the Social Security Notice of Case Assignment, noting that the case was assigned to me and directing Plaintiff to complete the Consent/Declination Form within 21 days.  Doc. 3.  With no response from Plaintiff,

on September 2, 2020, I ordered Plaintiff to complete the Consent/Declination form within 10 days and advised that a failure to complete the form would result in the court deeming her consent to magistrate judge jurisdiction and proceeding before me.  Doc. 4.

On September 21, 2020, having received no response to my prior Order, I entered an Order that Plaintiff was deemed to have consented based on her failure to respond. Doc. 6.  The same day, I ordered Plaintiff to file a signed IFP motion.[1]  Doc. 5.  Having received no response, I issued an order on October 16, 2020, directing Plaintiff to submit the signed IFP motion and show cause why the case should not be dismissed for failure to prosecute.  Doc. 7.  Plaintiff filed a signed IFP motion on October 28, 2020, which I granted the same day.  Docs. 8 & 9.[2]

On April 12, 2021, Defendant filed the administrative record, Doc. 15, at which time, based on the Standing Order, Plaintiff had 45 days to file her Brief and Statement of Issues.  Standing Order ¶ 3.  On June 14, 2021, realizing that the docket did not reflect that Plaintiff had received the Standing Order, I ordered Plaintiff to file her Brief and

---

[1]The IFP motion filed at the initiation of the action was signed by counsel but did not bear the Plaintiff's signature.  See Doc. 1 at 3.

[2]Once I granted Plaintiff IFP status, the summonses issued, requiring Defendant to file the administrative record within 60 days.  See Standing Procedural Order for Cases Seeking Social Security Review (Nov. 19, 2018) ("Standing Order") ¶ 2.  Pursuant to the Supplemental Standing Procedural Order for Cases Seeking Social Security Review (July 6, 2020) ("Supplemental Standing Order"), the Commissioner of Social Security may file the administrative record in lieu of an answer.  Supplemental Standing Order ¶ 1(c). Defendant then sought and was granted two extensions of time to file the answer and record based on the difficulty obtaining a transcript of the administrative hearing due to the COVID-19 pandemic.  Docs. 11-14.

Statement of Issues within 45 days.  Doc. 16.  On December 30, 2021, having received no response to my order of June 14, 2021, I issued an Order requiring Plaintiff to file the required Brief and Statement of Issues or make a showing of good cause why the matter should not be dismissed for failure to comply with my prior Order and for failure to prosecute.  Doc. 17.[3]  With no response and recognizing that I could not be sure that Plaintiff was aware of the delinquencies in the filing of the Brief, I issued an Order requiring counsel to deliver a copy of the Order outlining the deficiencies to her client and appear for a hearing to show cause why counsel should not be sanctioned for her noncompliance with the court's earlier orders. Doc. 18.

The hearing took place on April 6, 2022.  Plaintiff's counsel appeared and provided a letter from her client acknowledging receipt of the Court's Order, but counsel did not have the Brief and Statement of Issues.  During the hearing, counsel acknowledged receiving the Court's June 14, 2021 Order directing the filing of the Brief and Statement of Issues within 45 days and that she neither filed a brief as directed or sought an extension to do so.  When asked why she did not seek an extension to file the brief, counsel stated that she was unable to reach opposing counsel to obtain his agreement.[4]  Counsel seemed not to comprehend the inadequacy of this response.

---

[3]My law clerk emailed Plaintiff's counsel using the email on the ECF system on three occasions to inquire about the status of the brief -- June 4, September 13, and November 2, 2021 -- with no response.  Counsel mentioned at the Show Cause hearing that she received at least one email from my staff.

[4]Counsel stated that Andrew Lynch, counsel of record for the Commissioner of Social Security, was not an attorney and that she was informed that he was not with the Administration any longer.  The court is aware that Mr. Lynch is an attorney in good

Counsel provided a litany of excuses for her failure to abide by the Court's orders, including personal and professional issues related to the COVID-19 pandemic, a staffing shortage, and a computer crash.  In addition, counsel claimed that she had not received this Court's December 30, 2021 Show Cause Order, and that she receives ECF notices only sporadically.[5]  Although the Court is aware of and sympathetic to the challenges that the pandemic has caused and that personal issues may interfere with an attorney's ability to comply with all deadlines set by the Court, the circumstances in this case demonstrate an extreme level of neglect both of the deadlines imposed by the Court and in representing the client.

## II.   **DISCUSSION**

A district court may dismiss an action if a plaintiff fails to prosecute the case or comply with a court order.  Arvelo v. Saul, Civ. No. 20-213, 2021 WL 1174559, at *1 (E.D. Pa. Mar. 29, 2021) (citing F.R. Civ. P. 41(b); Allen v. Am. Fed. Of Gov't Emps., 317 F. App'x 180, 181 (3d Cir. 2009)).  Moreover, district courts have the inherent power to dismiss an action for failure to prosecute sua sponte.  Chambers v. NASCO, Inc., 501

---

standing of this Court and represents the Social Security Administration in countless cases before this Court.

[5]Counsel provided a printout of case activity reflected in a computer system she uses in her office.  The printout reflects activity on June 14, 2021, coinciding with the Court's order that Plaintiff file the brief within 45 days, and the three dates on which my law clerk emailed counsel.  The printout also reflects receipt of certain ECF filings based on Document number, including Documents 9, 10, 12, 14, 16, and 18.  Assuming that counsel only received the ECF filings reflected on the printout, there are obviously document numbers that are missing, making it incumbent upon counsel to access the docket and review the documents she allegedly did not receive.

U.S. 32, 44 (1991).  The Third Circuit has identified six factors a court should consider

before dismissing an action for failure to prosecute:

> (1) the extent of the *party*'s *personal* responsibility; (2) the
> *prejudice* to the adversary caused by the failure to meet
> scheduling orders and respond to discovery; (3) a *history* of
> dilatoriness; (4) whether the conduct of the party or attorney
> was *willful* or in *bad faith*; (5) the effectiveness of sanctions
> other than dismissal, which entails and analysis of *alternative
> sanctions*; and (6) the *meritoriousness* of the claim or
> defense.

Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984) (emphasis in

original).  No single factor is dispositive, and "[e]ach factor need not be satisfied for the

trial court to dismiss a claim."  Ware v. Rodale Press, Inc., 322 F.3d 218, 221 (3d Cir.

2003).  "But because dismissal is a severe consequence, it should be 'a sanction of last,

not first, resort,' and any doubts should be 'resolved in favor of reaching a decision on

the merits.'"  Arvelo, 2021 WL 1174559, at *2 (quoting Hildebrand v. Allegheny Cty.,

923 F.3d 128, 132 (3d Cir. 2019) (quoting Poulis, 747 F.2d at 869, and Adams v. Trs. of

the N.J. Brewery Emps.' Pension Tr. Fund, 29 F.3d 863, 879 (3d Cir. 1994))).

Here, the majority of the Poulis factors weigh against dismissal.  Ms. Quinnones-

Prat has little, if any, personal responsibility for the delays in this case.  Rather, the delays

have been caused by counsel's neglect.  With respect to prejudice to the adversary, I find

that counsel's failure to file the Brief and Statement of Issues prejudices Defendant only

to the extent Defendant is unable to move this action towards resolution.  Arvelo, 2021

WL 1174559, at *2 (citing Charlton v. Comm'r of Soc. Sec., Civ. No. 19-2896, 2020 WL

6887886, at *2 (E.D. Pa. Nov. 24, 2020)).  As Defendant did not appear at the Rule to

Show Cause hearing, I conclude that Defendant perceives no prejudice in the delay.  The third factor weighs in favor of dismissal.  Plaintiff's counsel has exhibited a pattern of dilatoriness, by continually being late in complying with deadlines, see Doc. 5 (requiring signature on IFP motion), or ignoring them, altogether.  See Docs. 3 & 4 (requiring filing of Consent/Declination form), Docs. 16 & 17 (requiring filing of Brief and Statement of Issues).  Although I conclude that Plaintiff's counsel has failed to comply with the Court's orders in bad faith, I cannot impute that bad faith to her client.  As for the merits of Plaintiff's claim, I do not see any clear error on the face of the Administrative Law Judge's decision.  However, counsel should be more familiar with the record and be able to direct the Court's attention to any legal errors or evidentiary deficiencies.  Finally, with respect to alternative sanctions, I conclude that a monetary sanction against Plaintiff's counsel is sufficient to obtain compliance with this Court's Orders.

Consideration of the Poulis factors leads me to conclude that dismissal of the action is not warranted and would unfairly harm the social security claimant in this case.  However, counsel's inaction and failure to abide by the orders of this Court has interfered with the timely resolution of this case.  Further, I conclude that a monetary sanction is necessary to obtain counsel's compliance with the Court's orders and to deter future noncompliance.  Therefore, Plaintiff's counsel is directed to remit payment to the Clerk of Court in the amount of $500 on or before May 1, 2022.  See Loc. R. Civ. P. 67.2(a) ("Payments into Court shall . . . be in cash, money order, certified or cashier's check.").  By separate Order, I have directed Plaintiff's counsel to file the Brief and Statement of Issues on or before May 23, 2022.  As I stated at the hearing, counsel is on notice that

6

further failure to abide by the Court's orders and deadlines will result in her removal from the case.

An appropriate Order follows.